U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED · LAFAYETTE

MAY 2 3 2013

TONY R. MOORE, CLERK
BY ⎯⎯⎯⎯⎯ ⎯⎯⎯⎯⎯
                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Mallery

versus

Theriot, et al

Civil Action No. 12-2060

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is an unopposed[1] Rule 12(b)(6) Motion To Dismiss Sheriff Theriot On Grounds Of Qualified Immunity filed by defendant Ronny Theriot, individually, and in his official capacity as Sheriff of St. Martin Parish, Louisiana [Rec. Doc. 16]. For the following reasons, the defendant's unopposed motion will be granted.

### I. Background

This action is brought by plaintiff, Telbia Mallery, pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments and the laws of Louisiana against Ronny Theriot, individually, and in his official capacity as Sheriff of St. Martin Parish, Louisiana and Deputy Codi Dodge, individually and in his capacity as a law enforcement officer for the St. Martin Parish Sheriff's Office. Plaintiff, an African-American male, alleges that on August 1, 2011, while he and other individuals were visiting in the front yard of a friend's resident, Dodge and three other officers[2], who were working in the course and scope of their

---

[1] Under Local Rule 7.5, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion. Any opposition to Defendant's motion was due by May 10, 2013.

[2] Plaintiff identified the officers in his Original Complaint as "unknown white males." *R. 1.* Plaintiff identified the officers in his First Amended Complaint and named Dodge as a defendant. *R. 14.*

employment for Sheriff Ronny Theriot, exited an unmarked vehicle in front of plaintiff's home. Plaintiff alleges that one of the males, Codi Dodge, grabbed plaintiff by his pants and shirt and dragged, shoved, kicked and searched him while two of the officers searched the other African American males. Plaintiff alleges that Dodge's actions injured the internal organs in his pelvic area. Finally, plaintiff alleges that Dodge called plaintiff after the incident to apologize to him and that Sheriff Theriot told plaintiff that Dodge was terminated from his office.

Plaintiff filed this action against Sheriff Theriot and Deputy Dodge, who has not yet been served. Sheriff Theriot filed the motion to dismiss at bar moving to dismiss the following claims asserted against him: (1) liability in his personal capacity for vicarious liability, excessive force and failure to train under §1983 and state law battery; (2) liability in his official capacity; and (3) liability under state law constitutional and tort claims. Theriot asserts that the only claim remaining against him should be the vicarious liability claim arising from the alleged state law tort of Deputy Dodge.

## II. Motion To Dismiss Standard

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all

2

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (citation, footnote, and quotation marks omitted).

### III. Analysis

While plaintiff has failed to file an opposition to the pending motion, a district court may not grant a motion to dismiss for the plaintiff's failure to file an opposition without considering the merits of the complaint. *See Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir.2012). Therefore, the Court will consider the merits of the complaint and determine if dismissal is warranted.

### Official Capacity Claims

Theriot argues that plaintiff has not properly stated a claim against him in his official capacity. For the following reasons, that argument is correct. A suit against the Sheriff in his official capacity is a suit against the county or parish. *Id.* To establish liability on such a

3

claim, a plaintiff must "demonstrate a policy or custom which caused the alleged constitutional deprivation." *Brooks v. George County, Miss.*, 84 F.3d 157 (5th Cir.1996). Here, plaintiff alleges no policy or custom of Theriot or the parish to make his entitlement to relief plausible. Therefore, based on the applicable jurisprudence, the Court will dismiss the Section 1983 claims against Theriot in his official capacity for failure to state a claim. *Iqbal*, 556 U.S. at 678–79 (When the facts alleged do not permit a court to infer more than a mere possibility of misconduct, the plaintiff has not demonstrated his entitlement to relief and has not met his burden to defeat a motion to dismiss).

### *Individual Capacity Claims*

Theriot also argues that plaintiff's allegations are insufficient to state an individual-capacity claim against him. He is clearly correct. Sheriff Theriot may only be liable under § 1983 if he was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or a causal connection existed between an act by Sheriff Theriot and the alleged constitutional violation. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir.1998). Based on the plaintiff's pleadings, Sheriff Theriot had no direct involvement in the incident itself and was not involved in the alleged use of excessive force or the state law battery claim. Moreover, plaintiff alleges no indirect supervisory acts of Theriot related to failure to train in order to entitle him to plausible relief. Thus, any claim against Sheriff Theriot, individually, for vicarious liability, excessive force and/or failure to train under § 1983, as well as any state law battery claim must be dismissed .

### *State Law Claims*

4

As the Court finds that plaintiff has failed to state a constitutional violation under § 1983 against Sheriff Theriot, Theriot is entitled to qualified immunity. *Doe v. Covington County Sch. Dist.*, 675 F.3d 849, 869 (5th Cir.2012). Louisiana applies qualified immunity principles to state constitutional law claims based on "[t]he same factors that compelled the United States Supreme Court to recognize a qualified good faith immunity for state officers under § 1983." *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir.2005) (quoting *Moresi v. Dep't of Wildlife and Fisheries*, 567 So.2d 1081, 1093 (La.1990)). Accordingly, Theriot is also entitled to qualified immunity for plaintiff's state law constitutional claims.

Finally, as addressed in the motion at bar, Sheriff Theriot is entitled to discretionary immunity against plaintiff's state law claims, pursuant to La.R.S. § 9:2798.1.[3] *See Roberts v. City of Shreveport*,  397 F.3d 287, 296 (5th Cir. 2005).

## Conclusion

Based on the foregoing, plaintiff's claims under § 1983 against Sheriff Theriot, individually, and in his official capacity, as well as the State constitutional law and tort law claims must be dismissed. The only remaining claim against Sheriff Theriot is the vicarious liability arising from the alleged State law tort of Deputy Codi Dodge.

Richard T. Haik, Sr.

---

[3] La.R.S. § 9:2798.1 provides in pertinent part, "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties."